T.C. Memo. 2015-143

UNITED STATES TAX COURT

RONALD H. SAPP AND MARY SAPP, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 29754-11, 23093-12.          Filed August 5, 2015.

Ronald H. Sapp and Mary Sapp, pro se.

Miriam C. Dillard, Christopher A. Pavilonis, and A. Gary Begun, for
respondent.

MEMORANDUM OPINION

GOEKE, Judge:  Respondent determined deficiencies in Ronald H. Sapp
and Mary Sapp's Federal income tax, accuracy-related penalties under section

[*2] 6662(a),[1] and additions to tax for failure to file timely under section

6651(a)(1)[2] as follows:[3]

|  |  | Penalty | Addition to tax |
|---|---|---|---|
| Year | Deficiency | sec. 6662(a) | sec. 6651(a)(1) |
| 2004 | $43,710 | $8,742 | $10,857 |
| 2006 | 164,211 | 32,842 | 39,788 |
| 2008 | 150,423 | 30,085 | --- |

Petitioners timely petitioned this Court requesting redetermination of the

deficiencies and penalties and additions to tax for tax years 2004, 2006, and 2008.

The deficiencies for tax years 2004 and 2006 and the additions to tax and penalties

will be resolved pursuant to a Rule 155 computation which was ordered in a bench

opinion on February 25, 2015, on the underlying substantive adjustments rendered

in a bifurcated trial of those adjustments in the case at docket No. 29754-11. In a

stipulation of settled issues, the parties agreed to a deficiency of $25,763 and a

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Respondent issued a notice of deficiency to petitioners on September 23, 2011, for tax years 2004 and 2006. Respondent issued a notice of deficiency to petitioners on June 13, 2012, for tax year 2008.

[3]All dollar amounts are rounded to the nearest dollar.

[*3] penalty of $5,153 under section 6662(a) for 2008 in the case at docket No. 23093-12. The cases were consolidated pursuant to Rule 141(a) for trial, briefing, and opinion as to the sole remaining issue, whether Ms. Sapp is entitled to relief from joint and several liability pursuant to section 6015(b) and (c) or, in the alternative, under subsection (f). Respondent concedes this issue, but Mr. Sapp opposes this relief. For the reasons explained herein, we hold that Ms. Sapp is entitled to relief under section 6015(f).

## Background

All the facts in evidence have been stipulated and are so found. Petitioners resided in Florida when they filed the petition. Petitioners filed a Form 1040, U.S. Individual Income Tax Return, claiming married filing jointly status for tax years 2004, 2006, and 2008. Mr. Sapp is a certified master plumber and licensed well driller. Mr. Sapp started a residential plumbing business, Ronnie Sapp Plumbing, and later shifted the business to concentrate on water wells, septic systems, and water treatment. Ms. Sapp handled the financial aspects of the business and made entries in a QuickBooks program regarding the business' income and expenses. Petitioners reported their income and expenses from Ronnie Sapp Plumbing on Schedules C, Profit or Loss From Business, of their 2004, 2006, and 2008 income tax returns.

[*4]  Petitioners were married in 2000 and have two sons.  Their marriage deteriorated, and they are currently involved in a dissolution of marriage case. Ms. Sapp sought legal assistance with her dissolution of marriage case in February 2013.  Although we are reluctant to include details of the abuse to which Ms. Sapp testified, we find that there is a history of domestic abuse in their relationship dating back at least to the birth of their first son in 2002.  Mr. Sapp also has a history of alcohol and prescription drug abuse.  Petitioners have separated several times throughout the course of their relationship.  In March 2013 Ms. Sapp left Mr. Sapp and took their two children with her, and they have been separated since that time.

From March until May 2013 Ms. Sapp lived in the Hubbard House, a domestic violence shelter in Jacksonville, Florida.  From May until June 2013 Ms. Sapp lived in a women's shelter near Hanover, Pennsylvania, to be closer to her adult daughter.  Ms. Sapp and her two sons were receiving food stamps from March until August 2013.  Ms. Sapp currently resides with her mother because she cannot afford a place of her own.  Ms. Sapp earns $11.50 an hour amounting to a salary between $360 and $400 a week that goes toward expenses related to her two sons.

**[\*5]**   The issue that remained for trial is whether Ms. Sapp is entitled to relief from joint and several liability for tax years 2004, 2006, and 2008.  In lieu of submitting an IRS Form 8857, Request for Innocent Spouse Relief, Ms. Sapp entered a statement at trial seeking relief from joint and several liability on February 25, 2015.  Mr. Sapp opposes Ms. Sapp's request.

Discussion

In general, married individuals who file a joint return are jointly and severally liable for the tax arising from the return.  Sec. 6013(d)(3).  Section 6015 allows a spouse to obtain relief from joint and several liability in certain circumstances.  A taxpayer requesting relief from joint and several liability bears the burden of proving that she is entitled to relief under section 6015(f).  Rule 142(a); Porter v. Commissioner, 132 T.C. 203, 210 (2009); Alt v. Commissioner, 119 T.C. 306, 311 (2002), aff'd, 101 Fed. Appx. 34 (6th Cir. 2004).

Three forms of relief are available under section 6015.  In general, subsection (b) provides full or apportioned relief from joint and several liability for understatements of tax on a return and subsection (c) provides apportioned relief in respect of a deficiency to taxpayers who are divorced or separated.  Subsection (f) provides equitable relief from joint and several liability if, when taking into account all the facts and circumstances, the Secretary determines it is

[*6] inequitable to hold the individual liable for any deficiency and relief is not available under subsection (b) or (c). Because Ms. Sapp had both knowledge and reason to know that there was an understatement of tax because of her involvement with the financial aspects of the business, she is ineligible for relief under subsection (b) or (c). Therefore, we must determine whether she is eligible for equitable relief under section 6015(f).

Rev. Proc. 2013-34, 2013-43 I.R.B. 397, modifying and superseding Rev. Proc. 2003-61, 2003-2 C.B. 296, sets forth guidelines for determining whether a requesting spouse qualifies for relief under section 6015(f). This Court may consider those guidelines, but is not bound by them, in evaluating the facts and circumstances of a case. Molinet v. Commissioner, T.C. Memo. 2014-109, at *6; see Pullins v. Commissioner, 136 T.C. 432, 438-439 (2011); Porter v. Commissioner, 132 T.C. at 210. A requesting spouse generally must satisfy all seven of the following threshold conditions before a request for equitable relief under section 6015(f) may be considered: (1) the requesting spouse filed a joint return for the taxable year for which he or she seeks relief; (2) relief is not available to the requesting spouse under subsection (b) or (c); (3) the claim for relief is timely filed; (4) no assets were transferred between the spouses as part of a fraudulent scheme; (5) the nonrequesting spouse did not transfer disqualified

[*7] assets to the requesting spouse; (6) the requesting spouse did not knowingly participate in the filing of a fraudulent joint return; and (7) the income tax liability from which the requesting spouse seeks relief is attributable (either in full or in part) to an item of the nonrequesting spouse or an underpayment resulting from the nonrequesting spouse's income. Rev. Proc. 2013-34, sec. 4.01, 2013-43 I.R.B. at 399-400.

We find that Ms. Sapp has failed to meet the seventh requirement because the liabilities are attributable to the business for which she was responsible for handling the finances. However, Rev. Proc. 2013-34, sec. 4.01(7)(d), provides an exception which allows the Internal Revenue Service (IRS) to consider granting relief regardless of whether the understatement, deficiency, or underpayment is attributable (in full or in part) to the requesting spouse if the requesting spouse has been a victim of abuse by the nonrequesting spouse and that abuse has resulted in the requesting spouse's being unable to challenge or question the treatment of the items on the returns.

Because of the application of this exception, Ms. Sapp has met all seven of the threshold requirements to be considered for equitable relief under section 6015(f) as the abuse she suffered resulted in her being unable to challenge or question the treatment of the items on the returns. As a result, we will consider all

**[*8]** relevant facts and circumstances in deciding whether Ms. Sapp is entitled to relief. Ms. Sapp is entitled to relief under the streamlined provisions of Rev. Proc. 2013-34, sec. 4.02, 2013-43 I.R.B. at 400. The following factors set forth in section 4.02 are relevant to our inquiry: (1) marital status; (2) economic hardship suffered if relief is not granted; and (3) knowledge or reason to know of the understatement at the time of signing the joint return. Id.

All three factors favor the granting of relief. First, Ms. Sapp is considered no longer married to Mr. Sapp as set forth in Rev. Proc. 2013-34, sec. 4.03(2)(a)(iv), 2013-43 I.R.B. at 400, because she was not a member of the same household as Mr. Sapp at any time during the 12-month period ending on the date the IRS made its determination. Therefore, this factor favors relief. Second, Ms. Sapp would suffer economic hardship if relief were not granted. She is supporting herself and her two young children on a weekly salary between $360 and $400. Ms. Sapp is currently living with her mother because she cannot afford her own housing and all of her current income goes toward living expenses for her and her children. Last, Ms. Sapp did have reason to know that there was an understatement or deficiency on the joint income tax return because she handled the financial aspects of the business and made entries in a QuickBooks program regarding the business' income and expenses.

[*9]   However, Rev. Proc. 2013-34, sec. 4.02(3)(a), provides an exception taking into account the domestic abuse Ms. Sapp suffered from Mr. Sapp.  Rev. Proc. 2013-34, sec. 4.02(3)(a), specifies:  "If the nonrequesting spouse abused the requesting spouse * * * and because of the abuse * * * the requesting spouse was not able to challenge [or question] the treatment of any items on the joint return * * * for fear of the nonrequesting spouse's retaliation, then the abuse * * * will result in this factor being satisfied even if the requesting spouse knew or had reason to know of the items giving rise to the understatement or deficiency".  We are less likely to grant relief under section 6015(f) if the requesting spouse knew or had reason to know of the deficiency, but in this case, Ms. Sapp's knowledge is overridden by the physical and emotional stress she suffered as a consequence of Mr. Sapp's behavior.

We find that Ms. Sapp was physically and emotionally abused and as a result she cannot be held to the normal expectations of responsibility.  It would be inequitable to hold her responsible for lack of substantiation and liable for the underpayment of tax reported on the joint tax return.  While Ms. Sapp was involved in the bookkeeping of the business, because of the nature of her relationship with Mr. Sapp she was not in a position to independently determine or question what was on the tax return.  Under these circumstances, relief is favored.

**[*10]** Factors favoring relief outweigh Ms. Sapp's knowledge of and involvement with the financial aspects of the business, and thus she is entitled to relief under section 6015(f).

In reaching our holdings herein, we have considered all arguments the parties made, and to the extent we did not mention them above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decisions will be entered for petitioner Ms. Sapp as to relief from joint and several liability under section 6015(f)</u>.